# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEON TURNER, JR., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GIBSON, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-01175-BAM (PC)<br><br>ORDER TO SEVER ACTION<br><br>ORDER FOR PLAINTIFF MAURICE HASKELL TO SUBMIT APPLICATION TO PROCEED *IN FORMA PAUPERIS* OR PAY FILING FEE<br><br>**FORTY-FIVE (45) DAY DEADLINE** |

Plaintiffs Steven Deon Turner, Jr. and Maurice Haskell ("Plaintiffs") are state prisoners proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

The court has determined that each plaintiff should proceed separately on his own claim. The Federal Rules of Civil Procedure provide that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. *See Davis v. Mason Cty.*, 927 F.2d 1473, 1479 (9th Cir. 1991).

In the instant action, Plaintiffs are individuals in the custody of the California Department of Corrections and Rehabilitation, presently confined at the California Substance Abuse Treatment Facility in Corcoran, California. In this Court's experience, an action brought by multiple inmate plaintiffs proceeding *pro se* presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or

institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals.

Further, although Plaintiff Turner claims to be appearing as the "attorney-in-fact" for both himself and Plaintiff Haskell, he is not a practicing attorney, and cannot represent Plaintiff Haskell. Each Plaintiff can proceed in this action only by raising claims on their own behalf. As such, Plaintiff Turner cannot sign pleadings, motions, or other papers for Plaintiff Haskell, and cannot jointly represent both of their interests in a single action.

Accordingly, the Court will order that Plaintiffs' claims be severed. Plaintiff Steven Deon Turner, Jr. will proceed in this action, while Plaintiff Maurice Haskell will proceed in a separate civil action to be opened by the Clerk of the Court. Each plaintiff will proceed with his own action and will be solely responsible for his own action.

The Clerk of the Court will be directed to assign the new action to the same Magistrate Judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

While Plaintiff Turner has submitted an application to proceed *in forma pauperis*, to be ruled on by separate order, Plaintiff Haskell has not paid the $400.00 filing fee or submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. The claims of Plaintiff Steven Deon Turner, Jr. are severed from the claims of Plaintiff Maurice Haskell;
2. Plaintiff Steven Deon Turner, Jr. shall proceed as the sole plaintiff in this case;
3. The Clerk of the Court is directed to:
    a. Open a separate civil action for Plaintiff Maurice Haskell;
    b. Assign the new civil action to the Magistrate Judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

///

    c. File and docket a copy of this order in the instant action and the new civil action opened for Plaintiff Maurice Haskell;

    d. Place a copy of the complaint filed July 15, 2021 in the new civil action opened for Plaintiff Maurice Haskell;

    e. Send Plaintiff Maurice Haskell an endorsed copy of his complaint bearing the new case number assigned to his individual action;

4. Within **forty-five (45) days** of the date of service of this order, Plaintiff Maurice Haskell shall submit the attached application to proceed *in forma pauperis*, completed and signed, or in the alternative, pay the $400.00 filing fee for his individual action.  Plaintiff Haskell's application must bear the docket number assigned to his own individual case; and

5. **No requests for extension of time will be granted without a showing of good cause. Plaintiff Haskell's failure to comply with this order will result in dismissal of Plaintiff Haskell's individual action.**

IT IS SO ORDERED.

Dated:   **August 4, 2021**                     /s/ *Barbara A. McAuliffe*
                                                                          UNITED STATES MAGISTRATE JUDGE