# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE HASKELL,<br><br>            Plaintiff,<br><br>     v.<br><br>GIBSON, *et al.*,<br><br>            Defendants. | Case No. 1:21-cv-01184-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF No. 8)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Maurice Haskell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, filed on August 3, 2021, and granted leave to amend. Plaintiff's first amended complaint, filed on September 30, 2021, is currently before the Court for screening.[1]  (Doc. 8.)

---

[1] Plaintiff initiated this action together with a second Plaintiff on July 15, 2021 (Case No. 21-cv-1174 BAM). By separate order, the Court directed this action to be severed and a separate action opened on behalf of Plaintiff Maurice Haskell. (ECF No. 2.)

1

### I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### II. Plaintiff's Allegations

Plaintiff is currently housed at High Desert State Prison in Susanville, California. Plaintiff names as defendants: (1) Terressa Cisneros, Warden of SATF, and (2) Connie Gibson, Director of California Department of Corrections and Rehabilitation ("CDCR").

Plaintiff is challenging the state actors' failure to protect Plaintiff "and others" in Defendants' custody. Plaintiff alleges he is serving a pretextual criminal sentence that is unlawful. Plaintiff alleges he has been housed at various institutions in CDCR, and the events in this action occurred while Plaintiff was housed at California Correctional Institution and California Substance Abuse and Treatment Facility. Plaintiff is challenging policies that replaced security

needs yards (SNY) with non-designated programming yards NDPF yards.  In sum, Plaintiff alleges that the elimination of the SNY yards exposes him to risk of harm from various factions within the prison population because he will be placed on NDPF yards, where he is in fear of violence.  Defendants have a duty to protect him from harm.

In screening Plaintiff's original complaint, the Court noted that Plaintiff stated that he failed to exhaust administrative remedies.  In the Court's screening order (ECF No. 5), the Court instructed Plaintiff to explain why he had failed to exhaust his administrative remedies.  In responding to the Court's directive, Plaintiff's first amended complaint explains: It was necessary to file this lawsuit without exhausting because as a gang dropout he cannot be housed with gang members.  To preserve his life, he must be separated from gang members.  Plaintiff states that it will take four months to adjudicate an inmate appeal, which would put Plaintiff's life in danger.  Pursuit of administrative remedies is inapplicable when to do so would result in irreparable harm to Plaintiff.[2]

### III.     Exhaustion of Available Administrative Remedies Is Mandatory

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In the Court's screening order, Plaintiff was directed to explain why he did not exhaust his administrative remedies in any amended complaint.  In his amended complaint, Plaintiff explains

---

[2] Based on the failure to exhaust administrative remedies, the Court elects to conserve judicial resources and declines to summarize the remainder of the allegations in the first amended complaint.

3

that prison violence and predatory behavior by security threat groups/gang members (STG) towards prison gang dropouts is a "calamity" that continues to grow. The only way to keep himself safe from STG is immediate separation from STGs.  Waiting four months for adjudication of a 602 appeal would put Plaintiff's life at great risk of being exposed to harm.  On June 23, 2021, Defendant Cisneros tried to send Plaintiff to High Desert yard knowing that the yard is infested with STGs. Plaintiff did not exhaust because he feared that waiting to do so will lead to him being placed around STGs and possibly killed.  If it takes two weeks to exhaust a complaint that the complainant in in danger of being killed tomorrow there is no possibility of relief.

Plaintiff is informed that there is no imminent danger exception to the PLRA. *Hoffman v. Palagummi*, No. 2:16-cv-3030 TLN EFB P, 2019 WL 582353, at *4 (E.D. Cal. Feb. 13, 2019) rep. and rec. adopted, 2019 WL 2464599 (E.D. Cal. June 13, 2019) ("[T]he PLRA makes no provision for an 'imminent danger' or other emergency exception to its exhaustion requirements.") (citing *Booth v. Churner*, 532 U.S. 731, 741 n.6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (we hold only that Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues, and noting that federal courts should not read futility or other exceptions into the PLRA's exhaustion requirement.); *see also Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Plaintiff is not excused from exhausting his administrative remedies based upon a fear of violence.

Case law holds that a prisoner's § 1983 suit filed prior to the full exhaustion of administrative remedies must be dismissed. *See Booth*, 532 U.S. at 738 (A plaintiff is required to exhaust administrative remedies before a § 1983 claim may be entertained.); *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (The court must dismiss a suit where the plaintiff has not completed the exhaustion requirement.). In addition, exhausting administrative remedies during the course of the federal proceedings does not satisfy the PLRA exhaustion

requirement. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) ("[A] prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation." (internal citations omitted).) *Cox v. Daram*, No. 2:20-CV-1295 KJM DB P, 2021 WL 3662392, at *5 (E.D. Cal. Aug. 18, 2021) (dismissing for failure to exhaust and rejecting Plaintiff's argument that he need not exhaust his COVID-19 claims because he has been subjected to an ongoing violation of his rights.).

In a case similar to Plaintiff's, *Wells v. CDCR*, No. 2:18-CV-0970 WBS KJN-P, 2018 WL 2970768, at *2 (E.D. Cal. June 8, 2018), Plaintiff challenged a recently enacted policy by the California Department of Corrections and Rehabilitation to integrate inmates on Sensitive Needs Yards with inmates on General Population yards.  Plaintiff failed to exhaust his administrative remedies before filing suit and argued that he was exempt from administratively exhausting claims due to "emergency complaint of potential harm." The Court rejected Plaintiff's argument. The Court held there is no exception to the PLRA's administrative exhaustion requirement for alleged threat of potential harm. *Wells v. CDCR*, 2018 WL 2970768 at *2,  (rejecting argument that plaintiff was exempt from administratively exhausting claims due to "emergency complaint of potential harm" because "there is no exception to the administrative exhaustion requirement based on an alleged threat of potential harm").

Plaintiff concedes that while there is a grievance procedure at his institution, he did not submit a request for administrative relief on the facts in his complaint for review or appeal to the highest level of appeal available to him.  Therefore, Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with the PLRA, section 1997e(a).

**IV.      Conclusion and Recommendation**

Based on the above, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with the PLRA, section 1997e(a).  Therefore, this Court RECOMMENDS this action be dismissed without prejudice for Plaintiff's failure to exhaust his administrative remedies prior to filing this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 27, 2021**          /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE